**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY SIMMONS, III, | No. 10-56414 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-09731-SVW-JC |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 17, 2012[**]

Before:    LEAVY, PAEZ, and BEA, Circuit Judges.

Tommy Simmons, III, appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging malicious prosecution. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Blankenhorn v. City of*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Orange*, 485 F.3d 463, 470 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment for defendants Harris and Taylor in their individual capacities as to Simmons' malicious prosecution claim because Simmons failed to raise a genuine dispute of material fact as to whether these defendants interfered with the prosecutor's independent judgment in initiating criminal proceedings, and whether they acted with the purpose of denying Simmons a fair trial or violating another constitutional right. *See Lacey v. Maricopa County*, 649 F.3d 1118, 1133 (9th Cir. 2011) (elements of a malicious prosecution claim under § 1983); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1027 (9th Cir. 2008) (presumption that prosecutor's filing of a criminal complaint immunizes investigating officers unless "substantial" evidence shows that "'the district attorney was pressured or caused by the investigating officers to act contrary to his independent judgment'" (citation omitted)).

The district court did not abuse its discretion by denying Simmons' motion to file a third amended complaint. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth the standard of review and requirements for leave to amend, and noting that a district court's discretion is particularly broad where it has already granted leave to amend).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Simmons' remaining contentions are unpersuasive.

Simmons' motion for a status update on this appeal is denied as moot.

**AFFIRMED.**